STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANIEL C. KRONZ,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0002** (BOR Appeal No. 2047246)
                    (Claim No. 2012023116)

**JAN-CARE AMBULANCE SERVICE, INC,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Daniel C. Kronz, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jan-Care Ambulance Service, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 3, 2012, in which the Board affirmed a May 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 1, 2012, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kronz worked as an emergency medical technician for Jan-Care Ambulance Services, Inc. On January 18, 2012, Mr. Kronz stood up from a seated position while at work and experienced an onset of pain in his left knee. He filed an application for workers' compensation benefits and sought medical attention at Raleigh General Hospital. X-rays of his knee showed no fracture or dislocation. Mr. Kronz was then treated by Matthew Nelson, M.D., who found that he had merely experienced an onset of pain. Dr. Nelson stated that Mr. Kronz denied having suffered any acute injury. Rebecca Thaxton, M.D., then reviewed Mr. Kronz's case and found that there was no evidence that he had sustained a work-related injury. She found that Mr.

1

Kronz's account of the onset of pain involved a normal activity of life. On February 1, 2012, the claims administrator rejected Mr. Kronz's application for workers' compensation benefits. Following the rejection, an MRI was taken of Mr. Kronz's left knee, which revealed chondromalacia of the patella. Dr. Nelson then updated his primary diagnosis of Mr. Kronz's symptoms to reflect the findings of the MRI. On May 21, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 3, 2012, leading Mr. Kronz to appeal.

The Office of Judges concluded that on January 18, 2012, Mr. Kronz experienced an onset of chondromalacia in his left knee, which was not the result of a work-related activity. The Office of Judges, therefore, concluded that the claim was not compensable. It determined that Mr. Kronz's condition was arthritic in nature and did not have a traumatic origin. The Office of Judges found that this condition was merely appreciated at work and was not the result of either a gradual process or a single fortuitous event. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Kronz has not demonstrated that he suffered from an injury in the course of and resulting from his employment. The MRI of his knee and Dr. Nelson's treatment notes relate Mr. Kronz's pain to chondromalacia and not to a work-related injury. There is no evidence that Mr. Kronz's condition was caused or aggravated by his work.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II